1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUCAIPA CORPORATE INITIATIVES FUND I, LP, a Delaware Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN AIRLINES, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO.  CV 13-9060-MRW<br><br>Assigned to Hon. Michael R. Wilner<br><br>[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS |

LATHAM&WATKINS LLP  LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1    The Court finds that the parties to this case may be required to disclose trade

2  secrets, confidential financial information, or confidential commercial information,

3  the unauthorized use or disclosure of which is likely to cause harm to the party

4  producing such information or contravene an obligation of confidentiality to a third

5  person or to a court.  Accordingly, the Court enters the following Protective Order

6  ("Order") pursuant to Fed. R. Civ. P. 26(c)(1).

7                              **PURPOSES AND LIMITATIONS**

8    Disclosure and discovery activity in this action are likely to involve

9  production of certain confidential, proprietary, private or trade secret information

10  for which special protection from disclosure would be warranted.  Accordingly, the

11  parties hereby stipulate to and petition the Court to enter the following Stipulated

12  Protective Order Governing Confidential Materials.  The parties acknowledge that

13  this Order does not confer blanket protections on all disclosures or responses to

14  discovery and that the protection it affords extends only to the limited information

15  or items that are entitled to treatment as confidential under applicable state or

16  federal law.  The parties further acknowledge, as set forth in Section IX below, that

17  this Stipulated Protective Order creates no entitlement to file confidential

18  information under seal; the parties shall follow the applicable rules when seeking

19  permission from the Court to file material under seal.

20    Notwithstanding anything in this Stipulated Protective Order, the parties

21  agree that the Disclosure of Discovery Material, as defined in Section I(B) below,

22  shall not be used by the Receiving Party, as defined in Section I(C) below, for any

23  purpose other than for prosecuting or defending this action, unless otherwise

24  agreed to by the parties.

25  **I.    DEFINITIONS**

26    **A.    Party or Parties**:  any party to this action, and all parties to this

27  action, including all of its or their officers, directors, owners, members, partners,

28  trustees, beneficiaries, employees, consultants, retained experts, attorneys, and

1    outside counsel (and their support staff).

2       **B.**   **Disclosure or Discovery Material**: all items or information,

3 regardless of the medium or manner generated, stored, or maintained (including,

4 among other things, testimony, transcripts, or tangible things) that are voluntarily

5 exchanged, produced or generated by any Party or non-party in disclosures or

6 responses to discovery in this matter.

7       **C.**   **Receiving Party**: a Party that receives Disclosure or Discovery

8 Material from a Producing Party.

9       **D.**   **Producing Party**: a Party or non-party that produces Disclosure or

10 Discovery Material in this action.

11       **E.**   **Designating Party**: a Party or non-party that designates information

12 or items that it produces in disclosures or in responses to discovery as

13 "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" as these terms are

14 defined below.

15       **F.**    **"CONFIDENTIAL" Information or Items**: information

16 (regardless of how generated, stored, or maintained) or tangible things that a

17 Designating Party believes in good faith is confidential under applicable state or

18 federal  law.  "CONFIDENTIAL" Information or Items generally include materials

19 used by the Designating Party  in or pertaining to its business, which matter is not

20 generally known and which the Designating Party would not normally reveal to

21 third parties or would cause third parties to maintain in confidence.

22       **G.**   **"ATTORNEYS' EYES ONLY" Information or Items:**

23 information (regardless of how generated, stored, or maintained) or tangible things

24 that a Designating Party believes in good faith to be extremely confidential and/or

25 sensitive in nature and reasonably believes that disclosure of such information or

26 tangible things is likely to cause material economic harm to the Producing Party.

27 The Parties agree that the ATTORNEYS' EYES ONLY designation includes the

28 following categories of information, to the extent the criteria of the first sentence

LATHAM&WATKINS*LLP*  LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  of this Section I(G) are met:  (i) confidential business, marketing, or strategic

2  plans, including business, marketing, and technical information regarding future

3  products; and (ii) trade secrets (including as defined in Cal. Civ. Code § 3426.1)

4  and highly confidential and commercially sensitive technical information.

5      **H.  Protected Material**:  any Disclosure or Discovery Material that is

6  designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."

7      **I.  Outside Counsel**:  attorneys not employed by the parties who are

8  retained to represent or advise a Party in this action.

9      **J.  Expert:**  a person with specialized knowledge or experience in a matter

10  pertinent to the litigation who has been retained by a Party or its counsel to serve

11  as an expert witness or as a consultant in this action.

12      **K. Professional Vendors**:  persons or entities that provide litigation support

13  services (e.g., photocopying; videotaping; translating; preparing exhibits or

14  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

15  and their employees and subcontractors.

16  **II.    SCOPE**

17      The protections conferred by this Stipulated Protective Order cover not only

18  Protected Material, but also any information copied or extracted therefrom, as well

19  as all copies, excerpts, summaries, or compilations thereof, plus testimony,

20  conversations, or presentations by Parties or counsel in any settings that the

21  Designating Party believes in good faith might reveal Protected Material.  All

22  notes, memoranda, reports, and other written communications that reveal or

23  discuss information contained in Protected Materials shall be given the same

24  protections under this Stipulated Protective Order as though they were designated

25  as Protected Material.

26      This Stipulated Protective Order shall not apply to testimony or

27  presentations at Court hearings or other Court proceedings.  The Parties shall take

28  up matters of confidentiality with the Court or judicial officer conducting such

LATHAM&WATKINS LLP   LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  proceeding at the appropriate time in an effort to protect the material that is the

2  subject of this Stipulated Protective Order, subject to such Court or judicial

3  officer's determination regarding how to treat such material at such proceeding.

4  **III.   DURATION**

5       Even after the termination of this litigation—whether by settlement,

6  discontinuance, dismissal, severance, judgment or other disposition—the

7  confidentiality obligations imposed by this Stipulated Protective Order shall

8  remain in effect until a Designating Party agrees otherwise in writing or a court

9  order otherwise directs.

10  **IV.   DESIGNATING PROTECTED MATERIALS**

11       **A.   Manner and Timing of Designations.**  Except as otherwise provided

12  in this Stipulated Protective Order, or as otherwise stipulated or ordered, material

13  that qualifies for protection under this Stipulated Protective Order must be clearly

14  so designated before the material is disclosed or produced.  Designation in

15  conformity with this Stipulated Protective Order requires the following:

16       1.   For information in documentary form (apart from transcripts of

17  depositions or other pretrial or trial proceedings):  the Producing Party must affix

18  the legend "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" at the top

19  or bottom of each page that contains Protected Material, including on each page of

20  any electronically produced document.

21       A Party or non-party that makes original documents or materials available

22  for inspection need not designate them for protection until after the inspecting

23  Party has indicated which material it would like copied and produced.  During the

24  inspection and before the designation, all of the material made available for

25  inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

26  identified the documents it wants copied and produced, the Producing Party must

27  determine which documents, or portions thereof, qualify for protection under this

28  Stipulated Protective Order, and before producing the specified documents, the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

LA\3619049.1

4

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  Producing Party must affix the "CONFIDENTIAL" and/or "ATTORNEYS' EYES

2  ONLY" legend at the top or bottom of each page that contains Protected Material.

3  If only a portion of a document or portions of the material on a page qualifies for

4  protection, the Designating Party must clearly identify the protected portion(s).

5          2.      For testimony given in deposition:  all transcripts will

6  automatically be designated "CONFIDENTIAL" and "ATTORNEYS' EYES

7  ONLY" from the day of the deposition or proceeding to fourteen (14) calendar

8  days after receipt of the final original transcript by the witness or the witness'

9  attorney.  During this period of automatic designation, the Designating Party may

10  provide written designations of those portions of the testimony that qualify for

11  protection under this Stipulated Protective Order.  If such written designations are

12  submitted, then the final transcript will be revised to reflect those designations.

13  After the expiration of this period of automatic designation, if no written

14  designations are submitted by the Designating Party, then the entire transcript will

15  be deemed non-Protected Material, and the transcript will be revised to remove all

16  confidentiality designations.

17          3.      For information produced in some form other than

18  documentary, and for any other tangible items:  the Producing Party must affix the

19  legend "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in a prominent

20  place on the exterior of the container or containers in which the information or

21  item is stored, or in some other reasonable fashion depending on the form of the

22  material.  If that matter is stored or recorded electronically (including information

23  databases, images, or programs stored on computers, discs, networks or backup

24  tapes) and a legend cannot be affixed upon it, the Designating Party may designate

25  such material as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" by

26  cover letter identifying the Protected Material.  Parties other than the Producing

27  Party shall also have the right to designate such materials for confidential treatment

28  in accordance with this Stipulated Protective Order by written notice.  If only

1   portions of the information or item warrant protection, the Designating Party, to

2   the extent practicable, shall designate the protected portions only.

3       **B.      Inadvertent Failures to Designate.**  If corrected, an inadvertent

4   failure to designate qualified information or items as "CONFIDENTIAL" and/or

5   "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating

6   Party's right to secure protection under this Stipulated Protective Order for such

7   material.  If material is appropriately designated after the material was initially

8   produced, the Receiving Party, on timely notification of the designation, must

9   make reasonable efforts to assure that the material is treated in accordance with the

10  provisions of this Stipulated Protective Order.  As used in this Stipulated Protective

11  Order, an act is "timely" if it does not unduly prejudice another Party.

12      **C.      Production of Privileged or Otherwise Protected Material.**

13  Pursuant to Federal Rule of Evidence 502(d), if in connection with the Litigation

14  documents or information subject to a claim of attorney-client privilege, work

15  product protection and/or any other privilege or protection from disclosure are

16  disclosed ("Disclosed Information") by the Producing Party, the disclosure of such

17  Disclosed Information shall not constitute or be deemed a waiver of any claim of

18  attorney-client privilege, work product protection or any other privilege or

19  protection that the Disclosing Party would otherwise be entitled to assert with

20  respect to the Disclosed Information and its subject matter.

21      The Producing Party shall promptly notify the Receiving Party in writing of

22  any claim of privilege with respect to Disclosed Information upon discovering the

23  inadvertent disclosure.  Promptly upon notification, and in no event no later than

24  five (5) business days after receiving notice, the Receiving Party shall return and/or

25  destroy all copies of the Disclosed Information identified in the notice, and shall

26  certify in writing that it has done so.  In so doing, the Receiving Party shall not

27  waive or prejudice any challenge it may have to the alleged privileged status of the

28  Disclosed Information.  Where recovery and return/destruction of Disclosed

LATHAM&WATKINS LLP   LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY
                                    6
                                          Case No. CV 13-9060-MRW
                                          [Proposed] Protective Order
                                          Governing Confidential Materials

1   Information results in material costs, the Receiving Party may apply to the Court to

2   seek recovery of said costs.  If, after undertaking an appropriate meet-and-confer

3   process, the parties are unable to resolve any dispute they have concerning the

4   Disclosed Information, the Receiving Party may file the appropriate motion or

5   application as provided by the Court's procedures to compel production of such

6   material.

7        Nothing in this section or in this Stipulated Protective Order waives or limits

8   the protections afforded to the parties by the applicable Federal Rules of Civil

9   Procedure.

10   **V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

11        **A.    Meet and Confer.**  A Party that elects to initiate a challenge to a

12   Designating Party's confidentiality designation (the "Challenging Party") must do

13   so in good faith and must begin the process by requesting in writing a conference

14   directly (in voice to voice dialogue; other forms of communication are not

15   sufficient to satisfy the requirement of a "conference") with counsel for the

16   Designating Party.  Counsel for the Designating Party shall make him- or herself

17   available to participate in the requested conference within five (5) business days

18   (excluding legal holidays) of receipt of the written request, subject to an additional

19   two (2) business day extension to meet and confer under exigent circumstances,

20   provided that the party requesting the extension explains with specificity the nature

21   of the exigent circumstances.  In conferring, the Challenging Party must explain

22   the basis for its belief that the confidentiality designation was not proper and must

23   give the Designating Party an opportunity to review the designated material, to

24   reconsider the circumstances, and, if no change in designation is offered, to explain

25   the basis for the chosen designation.  A Party may proceed to the next stage of the

26   challenge process only after it has engaged in this meet and confer process.

27        **B.    Judicial Intervention.**   If the Parties are unable to resolve a dispute

28   regarding a challenge to a confidentiality designation pursuant to Paragraph V.A

1 above, they will submit a joint stipulation to the Court in compliance with the

2 requirements of Civil Local Rule 37-2.  Prior to making such submission, the

3 parties must comply with Civil Local Rule 37-1, to the extent not satisfied by the

4 parties' meet-and-confer process under Paragraph V.A above.

5       The burden of persuasion in any such challenge proceeding shall be on the

6 Designating Party.  Until the Court rules on the challenge, all parties shall continue

7 to afford the material in question the protection to which it is entitled under the

8 Producing Party's designation.

9 **VI.    ACCESS TO AND USE OF PROTECTED MATERIAL**

10       **A.    Basic Principles.**  A Receiving Party may use Protected Material that

11 is disclosed or produced by another Party or by a non-party in connection with this

12 case only for prosecuting, defending, or attempting to settle this litigation.  Such

13 Protected Material may be disclosed only to the categories of persons and under

14 the conditions described in this Stipulated Protective Order.  When the litigation

15 has been terminated, a Receiving Party must comply with the provisions of Section

16 IX below.  Protected Material must be stored and maintained by a Receiving Party

17 at a location and in a secure manner that reasonably ensures that access is limited

18 to the persons authorized under this Stipulated Protective Order.

19       **B.    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless

20 otherwise ordered by the Court or permitted in writing by the Designating Party, a

21 Receiving Party may disclose any information or item designated

22 "CONFIDENTIAL" only to:

23         1.    The Receiving Party's in-house and Outside Counsel of record

24 in this action, as well as employees and consultants of said Counsel to whom it is

25 reasonably necessary to disclose the information for this litigation;

26         2.    The Receiving Party, if that party is an individual, or if the

27 Receiving Party is an entity, then its officers, directors, owners, members, partners,

28 trustees, beneficiaries, and employees of the Receiving Party to whom disclosure is

LATHAM&WATKINS LLP   LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY

8

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  reasonably necessary for this litigation;

2      3.      Experts (as defined in Section I.J above) of the Receiving Party,

3  and their administrative support staff if any, to whom disclosure is reasonably

4  necessary for this litigation and who have signed the "Acknowledgement and

5  Agreement to Be Bound by Protective Order" (Exhibit A);

6      4.      The Court and its personnel;

7      5.      Neutral evaluators, mediators or arbitrators assigned to the case

8  by the Court or retained for the case by the mutual agreement of the Parties;

9      6.      Professional Vendors for services such as copying, scanning, or

10 electronic document processing to whom disclosure is reasonably necessary for

11 this litigation;

12     7.      Court reporters and their staff to whom disclosure is reasonably

13 necessary for this litigation;

14     8.      During their depositions, witnesses in the action to whom

15 disclosure is reasonably necessary and who have signed the "Acknowledgment and

16 Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

17 Party or ordered by the Court;

18     9.      Any author or recipient of the document or the original source

19 of the information disclosed in the document; and

20     10.     The Receiving Party's insurance carrier or carrier(s) and their

21 counsel to the extent reasonably related to any actual or potential coverage in

22 connection with this litigation.

23     **C.      Disclosure of "ATTORNEYS EYES' ONLY" Information or**

24 **Items.**  Unless otherwise ordered by the Court or permitted in writing by the

25 Designating Party, a Receiving Party may disclose any information or item

26 designated "ATTORNEYS' EYES ONLY" only to those persons in Section

27 VI(B)(1), (3)-(10) above.

28     **D.      Limitations on Use of Protected Material**

LATHAM&WATKINS^LLP   LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY
                                      9                    Case No. CV 13-9060-MRW
                                                           [Proposed] Protective Order
                                                           Governing Confidential Materials

1.   Counsel who makes CONFIDENTIAL or ATTORNEYS' EYES ONLY Protected Material available to persons set forth in Sections VI(B)-(C) above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order.  All copies of such Protected Material disclosed shall be subject to the same restrictions imposed herein on original materials.  Any person having access to such Protected Material whose participation in this litigation has been terminated or otherwise concluded shall return or destroy all such Protected Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

3.   Counsel disclosing any Protected Material to a person required to execute a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall maintain the original(s) of such form(s).

**E.   Maintenance of Signed Agreements.**  Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

**F.   Disclosure Not Otherwise Authorized.**  In the event that counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Stipulated Protective Order, such counsel shall make a written request (delivered by hand, email or fax) to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved, and notifying the Designating Party that they have five (5) business days to object to such disclosure.  Within five (5) business days of the request, counsel for the Designating Party may object to such disclosure by delivering by hand, email, or fax a written objection to counsel serving the disclosure request.  Failure to so object constitutes consent to such disclosure.

In the event that a Designating Party objects to such disclosure, such

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

LA\3619049.1

10

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  Protected Materials shall not be disclosed to any individual other than those to

2  whom disclosure is permitted by the provisions of this Stipulated Protective Order

3  until such dispute has been resolved by agreement of the Parties or, after the

4  Parties engage in a good faith meet and confer about this issue (which conference

5  is to occur within five business days of a written request therefor), by order of the

6  Court.  However, the Parties agree to act in good faith to approve reasonable

7  requests, if feasible, to use Protected Material information at depositions taken in

8  this action, but acknowledge that requests of this nature should generally be made

9  using the procedure in this section prior to the deposition if reasonably anticipated.

10      **G.    Authorized Disclosures.**  Nothing in this Stipulated Protective Order

11  shall preclude any Party or their attorneys from:

12          1.    Showing materials designated as "CONFIDENTIAL" and/or

13  "ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed

14  the document prior to the filing of this action, or is shown by the document to have

15  received the document.

16          2.    Disclosing or using, in any manner or for any purpose, any

17  information, documents, or things from the Party's own files.

18          3.    Disclosing or using, in any manner or for any purpose, any

19  information, documents, or things obtained from a source other than discovery.

20          4.    Disclosing or using, in any manner or for any purpose, any

21  information, document, or thing that is at the time of production or disclosure, or

22  subsequently becomes, through no wrongful act or failure to act on the part of the

23  Receiving Party, generally available to the relevant public through publication or

24  otherwise, or is already rightfully in the possession of the Receiving Party at the

25  time of production.

26  **VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED**

27          **PRODUCED IN OTHER LITIGATION**

28      If a Receiving Party is served with a subpoena or an order issued under the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

LA\3619049.1

11

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  authority of any court or arbitral, administrative, or legislative body, that would

2  compel disclosure of any information or items designated in this action as

3  "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY," to the extent not

4  violative of any statute, rule, or order applicable to such party in such litigation, the

5  Receiving Party must so notify the Designating Party, in writing (by hand, email or

6  fax), promptly and in no event more than five (5) court days after receiving the

7  subpoena or order.  Such notification must include a copy of the subpoena or court

8  order.

9      The Receiving Party also must immediately inform in writing the party who

10  caused the subpoena or order to issue in the other litigation that some or all the

11  material covered by the subpoena or order is the subject of this Stipulated

12  Protective Order.  In addition, the Receiving Party must deliver a copy of this

13  Stipulated Protective Order promptly to the party in the other action that caused the

14  subpoena or order to issue.

15      The purpose of imposing these duties is to alert the interested parties to the

16  existence of this Stipulated Protective Order and to afford the Designating Party in

17  this case an opportunity to try to protect its confidentiality interests in the court

18  from which the subpoena or order issued.  The Designating Party shall bear the

19  burdens and the expenses of seeking protection in that court of its confidential

20  material to the extent permissible by such court.  If Designating Party does not

21  move for a protective order within fifteen (15) business days of the date written

22  notice is given, the party to whom the referenced subpoena is directed may

23  produce such Protected Material in response thereto.  Nothing in this Stipulated

24  Protective Order is intended or should be construed as authorizing a party to

25  disobey a lawful subpoena issued in another action.

26  **VII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

27      If a Receiving Party learns that, by inadvertence or otherwise, it has

28  disclosed Protected Material to any person or in any circumstance not authorized

1  under this Stipulated Protective Order, the Receiving Party must immediately

2  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

3  its best efforts to retrieve all copies of the Protected Material, (c) inform the person

4  or persons to whom unauthorized disclosures were made of all the terms of this

5  Stipulated Protective Order, and (d) request such person or persons to execute the

6  "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

7  **VIII.  FILING PROTECTED MATERIAL**

8      In accordance with Civil Local Rule 79-5.1, if any papers to be filed with the

9  Court contain information and/or documents that have been designated as

10  "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" the proposed filing

11  shall be accompanied by an application to file the papers or the portion thereof

12  containing the designated information or documents (if such portion is segregable)

13  under seal; and the application shall be directed to the judge to whom the papers

14  are directed.  For motions, the parties shall publicly file a redacted version of the

15  motion and supporting papers.

16  **IX.  FINAL DISPOSITION**

17      Unless otherwise ordered or agreed in writing by the Producing Party, within

18  ninety (90) days after the final termination of this action (e.g., a Court order

19  terminating this action and from which no appeal is taken), each Receiving Party

20  must make reasonable efforts to return or destroy the Protected Material.  As used

21  in this paragraph, "Protected Material" includes all copies, abstracts, compilations,

22  summaries or any other form of reproducing or capturing any of the Protected

23  Material.  Whether the Protected Material is returned or destroyed, the Receiving

24  Party must submit a written certification to the Producing Party (and, if not the

25  same person or entity, to the Designating Party) by the ninety-day deadline that

26  affirms that the Receiving Party has taken reasonable efforts to comply with the

27  foregoing provisions, and has not retained any copies, abstracts, compilations,

28  summaries or other forms of reproducing or capturing any of the Protected

LATHAM&WATKINS LLP   LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY

13

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  Material.  "Reasonable efforts" shall not require the return or destruction of

2  Protected Material that (i) is stored on backup storage media made in accordance

3  with regular data backup procedures for disaster recovery purposes, (ii) is located

4  in the email archive system or archived electronic files of departed employees, or

5  (iii) is subject to legal hold obligations.  Backup storage media will not be restored

6  for purposes of returning or certifying destruction of Protected Material, but such

7  retained information shall continue to be treated in accordance with the Order.

8         Notwithstanding this provision, counsel are entitled to retain archival copies

9  and are not required to return or destroy copies of all pleadings, motion papers,

10  written discovery, transcripts, legal memoranda, correspondence, attorney-client

11  communications or attorney work product, even if such materials contain Protected

12  Material, provided that such counsel take appropriate steps to prevent the

13  disclosure in a manner contrary to this Stipulated Protective Order of such

14  Protected Material.  Any such archival copies that contain or constitute Protected

15  Material remain subject to this Stipulated Protective Order as set forth in Section

16  III above.

17  **X.   MISCELLANEOUS**

18         **A.    Right to Further Relief.**  Nothing in this Stipulated Protective Order

19  abridges the right of any person to seek its modification by the Court in the future.

20         **B.    Admissions and Waivers.**  Neither the entry of this Order, nor the

21  designation of any information or documents as "CONFIDENTIAL" and/or

22  ATTORNEYS' EYES ONLY," nor failure to make such a designation, shall

23  constitute evidence or any admission with respect to any issue in the case, and shall

24  not constitute a waiver of any objections to the disclosure of such information.

25  Nothing in this Stipulated Protective Order shall be construed as waiving any

26  objections of either Party as to the admissibility of a particular document into

27  evidence.  Moreover, nothing in this Stipulated Protective Order shall be construed

28  to require any Party to disclose to any other Party any "CONFIDENTIAL" and/or

LATHAM&WATKINS LLP   LA\3619049.1
ATTORNEYS AT LAW
ORANGE COUNTY

14

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials

1  "ATTORNEYS' EYES ONLY" information, or to prohibit any Party from

2  refusing to disclose "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY"

3  information to any other party.

4      **C.    Right to Assert Other Objections.**  By stipulating to the entry of this

5  Protective Order no Party waives any right it otherwise would have to object to

6  disclosing or producing any information or item on any ground not addressed in

7  this Stipulated Protective Order.

8      IT IS SO STIPULATED.

9  Dated:  July 9, 2014          LATHAM & WATKINS LLP

10                              By: /s/ David B. Hazlehurst
                                    David B. Hazlehurst
11                                  Jennifer L. Barry

12                                  Attorneys for Plaintiff
                                    YUCAIPA CORPORATE
13                                  INITIATIVES FUND I, LP

14
   Dated:  July 9, 2014          BIRD, MARELLA, BOXER,
15                              WOLPERT, NESSIM, DROOKS &
                                LINCENBERG & RHOW, P.C.
16
                                By: /s/ David H. Chao
17                                  Ekwan E. Rhow
                                    David H. Chao
18
                                    Attorneys for Defendant
19                                  HAWAIIAN AIRLINES, INC.

20

21 ATTESTATION: I certify that I obtained concurrence in the filing of this
   document from all parties whose electronic signatures appear above.
22 Dated:  July 9, 2014  /s/ David B. Hazlehurst

23
                              **ORDER**
24

25 IT IS SO ORDERED.

26                                  /s/ Judge Wilner

27 Date: July 9, 2014          _____
                               Hon. Michael R. Wilner
28                             United States Magistrate Judge

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

LA\3619049.1                    15          Case No. CV 13-9060-MRW
                                            [Proposed] Protective Order
                                            Governing Confidential Materials

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**

**PROTECTIVE ORDER**

I, [NAME], with an address of [ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2014, in the case of *Yucaipa Corporate Initiatives Fund I, LP v. Hawaiian Airlines, Inc.*, Case No. CV 13-9060-MRW.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed on _____, 20___, at [CITY AND STATE].

Signature: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
LA\3619049.1

Case No. CV 13-9060-MRW
[Proposed] Protective Order
Governing Confidential Materials